## AFFIDAVIT IN SUPPORT OF APPLICATION FOR ARREST WARRANT

Your affiant, Mark T. Bennett, being duly sworn, deposes and states as follows:

1. Your affiant is currently employed as a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and has been so employed since June 2023. Your affiant completed the 480 hours Criminal Investigator Training Program and the 529 hours Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. The above listed training included instruction and techniques for conducting investigations into violations of federal law relating to Title 9, Title 18, Title 21, and Title 31 of the United States Code. Prior to his employment with HSI, your affiant was employed as a police officer with the Virginia Beach Police Department ("VBPD") from January 2012 to June 2023. Beginning in January 2012, your affiant completed the 1,100 hours Basic Law Enforcement Training Course. Your affiant was then assigned to uniformed patrol where he remained for approximately three years. In 2015, your affiant was assigned to the Special Investigations Division, Narcotics Interdiction Unit, where he remained until 2023. During this assignment, your affiant served in additional capacities as a narcotics detection canine handler for six years and an HSI Task Force Officer ("TFO"), with the Border Enforcement Security Task Force for four years. During his law enforcement career, your affiant received extensive training from various federal, state, local, and private law enforcement agencies regarding the identification of narcotics, narcotics trafficking and distribution, and narcotics interdiction. While with VBPD, your affiant also instructed law enforcement training courses pertaining to the identification of narcotics, conducting narcotics investigations, narcotics interdiction, and the utilization of confidential informants. Prior to his employment with VBPD, your affiant attended Rutgers University where he obtained a Bachelor of Arts Degree in 2011, with a major in Criminal Justice and Sociology.

2. In addition to his training, your affiant has extensive experience in the investigation of illegal controlled substance activities to include illegal narcotic distribution, prescription drug distribution, narcotics trafficking, and narcotics interdiction. Since 2012, your affiant has led or assisted with over 1,000 state and federal investigations leading to numerous arrests and convictions of offenders for a wide variety of crimes involving marijuana and marijuana-related products, prescription drugs, cocaine, heroin, fentanyl, ecstasy, psilocybin, psilocyn, ketamine, LSD, DMT, synthetic drugs, methamphetamine, precursor chemicals, narcotics trafficking, money laundering, firearms offenses, homemade explosive devices, prostitution, human trafficking, child pornography, gang-related offenses and various crimes of violence. Your affiant has personally participated in all aspects of narcotics distribution and trafficking investigations, including conducting surveillance, debriefing and utilizing confidential informants, acting in an undercover capacity, and conducting court-authorized interceptions of wire and electronic communications. Your affiant has also participated in cases involving money laundering, weapons, and stolen property. These investigations have resulted in the arrests of persons, seizures of drugs, weapons, vehicles, personal property, and United States currency. Additionally, your affiant has been recognized as an expert witness in the Circuit and General District Courts of Virginia Beach on multiple occasions while providing testimony relating to the above referenced narcotics investigations.

3. Your affiant is currently participating in an investigation into possession with intent to distribute methamphetamine in the Hampton Roads area of the Eastern District of Virginia. During the investigation, it has been determined that **Marvin KIMMIE** is involved in the distribution of methamphetamine in violation of federal law.

## CRIMINAL OFFENSES

4. Section 841(a)(1) of Title 21 of the United States Code, provides, in part, that, "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

5. Your affiant makes this affidavit in support of an application for an arrest warrant for **Marvin KIMMIE** in relation to the following offenses occurring in the Eastern District of Virginia (EDVA):

   a. Possession with intent to distribute 50 grams or more of methamphetamine, a Scheule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii)

## ESSENTIAL FACTS CONSTITUTING THE OFFENSES CHARGED

7. Since this affidavit is being submitted for the limited purpose of securing authorization for an arrest warrant, your affiant has not included each and every fact known to the investigative team concerning this investigation. Rather, your affiant has set forth only those facts believed to be necessary to establish probable cause that **KIMMIE** committed the listed offenses. Facts not set forth herein are not being relied upon in reaching the conclusion that an arrest warrant should be issued. Nor is it requested that the Court rely upon any facts not set forth herein in reviewing this affidavit.

8. Your affiant has personally participated in the investigation of the offenses described in this affidavit. As a result of your affiant's participation in this investigation and a review of reports made to your affiant by other members of the investigative team, your affiant is familiar with the circumstances of this investigation. On the basis of this familiarity, and on the basis of the other information which I have reviewed and determined to be reliable, your affiant alleges the following:

9. On September 9, 2025, a Virginia Beach Police Officer acting in an undercover capacity contacted Co-conspirator Number 1 (CC-1) and arranged to purchase a quantity of methamphetamine in Virginia Beach, VA. CC-1 agreed, and was arrested upon his/her arrival at an agreed upon meeting location. Approximately 154 grams of methamphetamine along with other narcotics and U.S. Currency were seized from CC-1.

10. CC-1 agreed to cooperate with the investigative team and identified Marvin KIMMIE as his/her source of supply for methamphetamine. Under the direction and control of the investigative team, CC-1 contacted KIMMIE. KIMMIE agreed to deliver eight ounces of methamphetamine CC-

1, at a specific meeting location in Virginia Beach, VA.

11. On September 9, 2025, members of the investigative team were conducting surveillance at the predetermined meeting location. At approximately 1638 hours CC-1 spoke to KIMMIE on the telephone and KIMMIE advised that he was a few minutes away. Shortly thereafter the investigative team observed KIMMIE arrive at the predetermined meeting location and attempted to take him into custody. KIMMIE fled from the arrest team, attempting to throw a bag containing approximately 225.3 grams of methamphetamine and a wallet containing $450.00 U.S. Currency. These items were recovered by the investigative team. KIMMIE's vehicle was then searched, yielding a bag of approximately 1.5 grams cocaine and two cellular phones.

12. The substances recovered from KIMMIE were later sent to the United States Customs and Border Protection Laboratory for analysis and returned positive for approximately 219 grams of methamphetamine with a purity of 94% and cocaine respectively.

13. Based on the above, I respectfully submit there is probable cause to believe that violations of 21 U.S.C. § 841 841(a)(1) and (b)(1)(A)(viii) have been committed in the Eastern District of Virginia by **Marvin KIMMIE.**

Mark T. Bennett, Special Agent
Homeland Security Investigations

Sworn and subscribed to before me
On this 13 day of ~~January~~ March 2026

/s/
Douglas E. Miller
United States Magistrate Judge

United States Magistrate Judge
Norfolk, Virginia

3